UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22864-BLOOM/Otazo-Reyes

CREELED, INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER TO SHOW CAUSE REGARDING JOINDER OF PARTIES PREJUDICE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 1, 2023, Plaintiff CreeLED, Inc. ("Plaintiff") filed Complaint the above styled action, which alleges the following. "Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks . . . through various Internet based e-commerce stores and fully interactive commercial Internet websites[.]" Compl. ¶ 1. Defendants "wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits." *Id.* ¶ 2. "Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods" and "are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public[.]" *Id.* ¶ 33. Plaintiff has instituted this action to "combat the indivisible harm caused by the combined actions of Defendants[.]" *Id.* ¶ 3.

    Rule 20 of the Federal Rules of Civil Procedure provide relevant in part that

    [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

> arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Moreover, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)). "However, district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" *Id.* (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam)).

As the Court of Appeals for the District of Columbia Circuit has observed, "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (quoting *Hard Drive Productions, Inc. v. Does 1-30,* No. 2:11cv345, 2011 WL 4915551, at *3, 2011 U.S. Dist. LEXIS 119333, at *7 (E.D. Va. 2011) (alterations in original)). Moreover, conclusory allegations of connectivity do not establish a sufficient connection between Defendant to permit joinder. *Id.* (citing *Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021)).

On those grounds, at least one court in this district has held that a plaintiff who alleged "Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks'" cannot satisfy Rule 20's requirements. *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 0:22-CV-60026-KMM, 2023 WL 2248233, at *2 (S.D. Fla. Jan. 14, 2023) (citing cases).

Case No. 23-cv-22864-BLOOM/Otazo-Reyes

The Complaint alleges that Defendants' unlawful conduct has created a concurrent and indivisible harm to Plaintiff and the public and that Defendants contribute to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. However, the question is raised as to whether Plaintiff has adequately pled that the individual conduct of each Defendant arises out of the same transaction, occurrence, or series of transactions or occurrences under Rule 20.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff shall file a response to this Order **by October 20, 2023** setting forth why joinder of Defendants is proper under Rule 20. If the technical requirements of joinder under Rule 20 are met in this action, Plaintiff shall set forth whether joinder of Defendants promotes judicial economy. *See Omega, SA*, 2023 WL 2248233, at *3 (finding judicial economy undermined where court must still evaluate evidence submitted against each Defendant in support of liability and damages and exercising discretion not to join defendants under Rule 20).

2. Plaintiff shall further show cause why the Court should not drop parties under Rule 21.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:     Counsel of Record